UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RECORD BUCK FARMS, INC., a Florida
Corporation,

                Plaintiff,

-vs-                                      Case No.  5:07-cv-47-Oc-10GRJ

THE HONORABLE MIKE JOHANNS, as
Secretary of Agriculture, UNITED STATES
DEPARTMENT OF AGRICULTURE,

                Defendants.
_____

**O R D E R**

In accordance with Federal Rule of Civil Procedure 65, this action was heard on the Plaintiff's Motion for Preliminary Injunction or, in the Alternative, for an Expedited Hearing (Doc. 2), and, after consideration of the pleadings and argument of counsel, the Court determines that a preliminary injunction is due to be entered.

The Plaintiff, Record Buck Farms, Inc., is a Florida Corporation with its principal place of business in Howey-in-the-Hills, Lake County, Florida.  The Plaintiff is a supplier of containerized citrus plants grown at its citrus nursery located in Lake County, Florida. The Plaintiff ships citrus plants in one-gallon and three-gallon containers to customers such as Home Depot, Lowe's, Wal-Mart, garden centers, private nurseries, and plant brokers. The Plaintiff's customers are located throughout Florida, in non-citrus-producing states of the United States, and in Canada.  The United States Department of Agriculture ("USDA")

has imposed an agricultural quarantine purportedly prohibiting citrus nurseries in Florida, including the Plaintiff, from the interstate shipment of its citrus nursery plants to non-citrus-producing states. Defendant The Honorable Mike Johanns is the Secretary of Agriculture, as appointed by the President of the United States. This Court has jurisdiction pursuant to 5 U.S.C. §§ 702-706, 28 U.S.C. §§ 1331 & 1361, and 7 U.S.C. § 7736.

Recent hurricanes and other factors have resulted in the rapid spread of citrus canker throughout Florida. As a result, in late 2006, the USDA adopted an interim rule that amended its canker regulations and extended a citrus canker quarantine to the entire State of Florida, thus placing restrictions on the interstate movement of citrus products[1] from the State. The interim rule amends certain sections of 7 C.F.R., Part 301, and, on August 1, 2006, was published in the Federal Register at Vol. 71, No. 147, pp. 43345-52.

The interim rule, through inadvertence according to the argument of counsel, allows for the interstate shipment of citrus products to non-citrus-producing states under certain conditions described in 7 C.F.R. § 301.75-6. Specifically, the interim rule allows the interstate movement of citrus plants if: (a) every nursery containing citrus in Florida is inspected for citrus canker "by an inspector at intervals of no more than 45 days"; and (b) personnel, vehicles and equipment within quarantined areas involved in the inspection,

---

[1] In the interim rule, "regulated articles" are defined, in part, as "[p]lant and plant parts, including fruit and seeds" of specified citrus species. See 7 C.F.R. § 301.75-3. Section 301.75-6 provides that "regulated articles may be moved interstate from a quarantined area into any area of the United States except commercial citrus-producing areas if all of the [specified] conditions are met . . . ." (emphasis added).

maintenance, harvesting, or related services in citrus groves are sanitized in accordance with certain requirements specified in the rules. 7 C.F.R. §§ 301.75-6(a)(2) & 301.75-11(d).

In spite of the clear language of the interim rule, 7 C.F.R. § 301.75-6, the USDA has taken the position that they will not allow any interstate shipment of the Plaintiff's containerized plants. The USDA's position as argued at the hearing is that it has never been the practice and was never the intent of the Department to permit the interstate transportation of citrus plants from a quarantined area, and it would produce an "absurd" result to permit citrus <u>plants</u> to be shipped in interstate commerce under § 301.75-6, while citrus <u>fruit</u> may be shipped only if the more stringent requirements of § 301.75-7 are met. Significantly, in making this argument, the USDA tacitly concedes that compliance with the plain language of § 301.75-6 would permit the Plaintiff to continue its interstate business, and the Department candidly admits that it made an error in drafting and promulgating the interim rule in its present form.

There are two obvious responses to the USDA's position. First, the plain and unambiguous language in a statute or regulation should be applied and enforced as written. See <u>Thomas Jefferson University v. Shalala</u>, 512 U.S. 504, 512, 114 S. Ct. 2381, 129 L. Ed. 2d 405 (1994) ("In other words, we must defer to the Secretary's interpretation unless an 'alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation.'") (citing <u>Gardebring v. Jenkins</u>, 485 U.S. 415, 430, 108 S. Ct. 1306, 1314, 99 L. Ed. 2d 515 (1988)). Secondly, it does not necessarily follow that such an application of § 301.75-6 as argued

by the Plaintiff produces an absurd result. For one thing, there is a substantial difference between regulating by inspection and other means the operation of a limited number of citrus plant nurseries as distinguished from growers and distributers of citrus fruit.

The Plaintiff has provided significant evidence that it is currently capable of satisfying the requirements set forth in the interim rule, 7 C.F.R. §§ 301.75-1 through 301.75-13, for the shipment of containerized citrus plants to non-citrus-producing states. The Plaintiff has further demonstrated that, in spite of its ability to comply with the interim rule, the USDA is prohibiting the Plaintiff's shipment of containerized citrus plants to non-citrus-producing states, thus failing to adhere to the interim rule. The Plaintiff has clearly demonstrated a substantial likelihood of success on the merits of its complaint that the USDA's failure to adhere to the interim rule is arbitrary, capricious, an abuse of discretion, and not based on substantial evidence. The Plaintiff is suffering irreparable injury for which it will have no adequate remedy at law, and the continued failure of the USDA to adhere to the interim rule and allow interstate shipment of containerized citrus plants to non-citrus-producing states, when the rule is complied with, has and will continue to result in significant economic loss to the Plaintiff which cannot be redressed absent the issuance of this preliminary injunction.

There is no evidence before the Court that the USDA's adherence to the requirements of the interim rule will result in any significant risk to the citrus industry in other citrus-producing states. The only risk alluded to by the USDA is that of private "re-transportation" to citrus-producing states of <u>infected</u> individual citrus plants by a person

4

who purchased the plants at a retail outlet in a non-citrus producing state. The Court finds this risk attenuated at best[2] and, as a result, the irreparable harm being suffered by the Plaintiff outweighs any risk to the citrus industry in other citrus-producing states, the public or the USDA.[3] The USDA's continued failure to adhere to the interim rule disserves the public interest by suppressing the free flow of interstate commerce and the shipment of properly inspected containerized citrus plants from sanitized facilities.

Nothing in this Order should be construed as preventing the USDA from undertaking any appropriate process to amend, alter, modify, or repeal any of its regulations, including, in particular, any rule or regulation involved in this proceeding.

Accordingly, upon due consideration, it is ORDERED that:

(1) The United States Department of Agriculture and its officers, agents, servants, employees, and attorneys, and all those persons acting in concert or participating with any of the Defendants, pending determination at trial on the merits of this case, be and are hereby RESTRAINED and ENJOINED from prohibiting the interstate shipment of containerized citrus plants which meet the requirements of 7 C.F.R. § 301.75-6(a) from the State of Florida to non-citrus-producing areas;

---

[2] There is no evidence that any of the Plaintiff's plants are infected with citrus canker, and compliance with the interim rule will require periodic inspections to insure this healthy condition.

[3] The harm caused by citrus canker is economic only; it causes unsightly blemishes on the surface of the fruit and can cause the ultimate death of the tree, but the fruit remains safe to eat.

(2) the rights of all the parties are maintained and preserved as of the date of the filing of this action, until further order of the Court; and

(3) this Order shall be effective upon the filing of a surety or cash bond in the amount of $100,000.00, approved by the Clerk of this Court, conditioned to pay all of the Defendants' costs and damages suffered by them because of the wrongful issuance of this preliminary injunction.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 13th day of February, 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record